IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRYAL J. CULLER, SR., | No. C 08-1524 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| vs. | |
| BOARD OF PAROLE HEARINGS, | |
| Respondent. | |

This is a habeas case filed pro se by a state prisoner. It is directed to a denial of parole. The petition was dismissed with leave to amend in the initial review order, and petitioner now has amended.

**STATEMENT**

In 1987 a jury convicted petitioner of kidnaping and robbery. He received a sentence of seven years to life plus one year in prison. He alleges that he has exhausted these parole claims by way of state habeas petitions.

**DISCUSSION**

**A.   STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading

1  requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ
2  of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state
3  court must "specify all the grounds for relief which are available to the petitioner ... and shall
4  set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of
5  the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not
6  sufficient, for the petition is expected to state facts that point to a 'real possibility of
7  constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d
8  688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient
9  are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d
10 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    LEGAL CLAIMS**

The original petition was dismissed because petitioner's presentation of his issues was so confused it was impossible to tell what issues he intended to advance. In the amended petition he has attempted to clarify his claims, as instructed. Although the present list of issues is somewhat clearer, petitioner's issue one still contains several issues, which have been separated below.

Petitioner asserts that: (1a) the Board made dual use of facts by basing its denial of a parole date on the same facts that made his offense, aggravated mayhem, a life offense, and this dual use violated his rights; (1b) his ex post facto rights were violated by the Board's use of parole criteria that were enacted two years before aggravated mayhem became a life crime; (1c) the criteria used were those for murder, and application of them to a prisoner convicted of aggravated mayhem was arbitrary and capricious; (2) his rights were violated when he was not allowed enough time with his attorney to prepare for the hearing and his attorney thus was unwilling to represent him; (3) the Board failed to hold the hearing within the time set by state law; (4) the Board violated his rights by using his medical condition as one element in the denial; (5) the Board violated his rights by basing the denial in part on what he considers a "trumped up" disciplinary charge; and (6) the repeated denials of parole based on his offense violated state law and legislative intent, and was disproportionate to his offense.

2

Violations of state law cannot be the basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law). Issues three and six are explicitly presented in terms of state law and so will be dismissed.

In addition, there is no constitutional bar on dual use of facts both to convict on aggravated mayhem and deny parole, so issue 1a does not state a ground for habeas relief; the application to petitioner of standards that were enacted *prior* to his offense could not be an ex post facto violation, so issue 1b does not state a grounds for habeas relief; and there is no federal constitutional right to an attorney at a parole eligibility hearing, *see Dorado v. Kerr*, 454 F.2d 892, 896 (9th Cir. 1972), so issue two does not state a basis for federal habeas relief.

The remaining issues 1c, four and five, are sufficient to require a response.

## CONCLUSION

1. Issue 1a, 1b, two, three, and six are **DISMISSED**.

2. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the

1  court and serve on petitioner a reply within 15 days of receipt of any opposition.

2      5. Petitioner is reminded that all communications with the court must be served on
3  respondent by mailing a copy of the document to respondent's counsel.  Papers intended to be
4  filed in this case should be addressed to the clerk rather than to the undersigned.  Petitioner also
5  must keep the court informed of any change of address by filing a separate paper with the clerk
6  headed "Notice of Change of Address," and comply with any orders of the court within the time
7  allowed, or ask for an extension of that time.  Failure to do so may result in the dismissal of this
8  action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez*
9  *v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:  November __12__, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

28  G:\PRO-SE\WHA\HC.08\CULLER1524.OSC.wpd

4